UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| TOWN OF PETERBOROUGH,<br><br>    Plaintiff,<br>v.<br><br>WOODARD & CURRAN, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:16-cv-00198<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, WOODARD & CURRAN, INC.'S ANSWER

Defendant, Woodard & Curran, Inc. ("W&C"), hereby answers the allegations in

Plaintiff's Complaint as follows:

### The Parties

1.  W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.  W&C admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

### Jurisdiction

3.  Paragraph 3 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.

4.  Paragraph 4 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.

5.  Paragraph 5 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.

### Statement of Facts

6.  W&C admits the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7.   W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

8.   W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

9.   W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

10.   W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

11.   W&C admits that it entered into agreements with the Town of Peterborough for W&C to perform certain engineering services associated with the wastewater treatment facility. The agreements speak for themselves.

12.   W&C admits that it provided services to the Town of Peterborough, but the terms of the services and the actual services are described in agreements between W&C and the Town of Peterborough and/or are subject to the introduction of evidence on those issues.

13.   W&C admits that it provided services to the Town of Peterborough, but the terms of the services and the actual services are described in agreements between W&C and the Town of Peterborough and/or are subject to the introduction of evidence on those issues.

14.   W&C denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. W&C admits that it provided services to the Town of Peterborough, but the terms of the services and the actual services are described in agreements between W&C and the Town of Peterborough and/or are subject to the introduction of evidence on those issues.

16. W&C admits that it provided services to the Town of Peterborough, but the terms of the services and the actual services are described in agreements between W&C and the Town of Peterborough and/or are subject to the introduction of evidence on those issues.

17. W&C denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

19. W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

20. W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

21. W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

22. W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

23. W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

24. W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

25. W&C admits that once the new WWTF came online, the three existing lagoons were no longer needed. W&C admits that it presented the Town of Peterborough with a Preliminary Engineering Proposal dated November 9, 2012. The Preliminary Engineering Proposal speaks for itself.

26. W&C admits that it prepared a Preliminary Engineering Proposal dated November 9, 2012. The Preliminary Engineering Proposal speaks for itself. W&C denies the allegations set forth in paragraph 26 of Plaintiff's Complaint to the extent that they contradict or are inconsistent with the Preliminary Engineering Proposal.

27. W&C admits that it prepared a Preliminary Engineering Proposal dated November 9, 2012. The Preliminary Engineering Proposal speaks for itself. W&C denies the allegations set forth in paragraph 27 of Plaintiff's Complaint to the extent that they contradict or are inconsistent with the Preliminary Engineering Proposal.

28. W&C denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. W&C admits that it prepared a Preliminary Engineering Proposal dated November 9, 2012. The Preliminary Engineering Proposal speaks for itself. W&C denies the allegations set forth in paragraph 29 of Plaintiff's Complaint to the extent that they contradict or are inconsistent with the Preliminary Engineering Proposal.

30.     W&C admits that it prepared a Preliminary Engineering Proposal dated November 9, 2012.  The Preliminary Engineering Proposal speaks for itself.  W&C denies the allegations set forth in paragraph 30 of Plaintiff's Complaint to the extent that they contradict or are inconsistent with the Preliminary Engineering Proposal.

31.     W&C admits that it prepared a Preliminary Engineering Proposal dated November 9, 2012.  The Preliminary Engineering Proposal speaks for itself.  W&C denies the allegations set forth in paragraph 31 of Plaintiff's Complaint to the extent that they contradict or are inconsistent with the Preliminary Engineering Proposal.

32.     W&C admits that it prepared a Preliminary Engineering Proposal dated November 9, 2012.  The Preliminary Engineering Proposal speaks for itself.  W&C denies the allegations set forth in paragraph 32 of Plaintiff's Complaint to the extent that they contradict or are inconsistent with the Preliminary Engineering Proposal.

33.     W&C admits that it provided engineering services to the Town of Peterborough, but denies that those services were improper and calls upon Plaintiff to prove the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34.     W&C admits that it provided engineering services to the Town of Peterborough, but denies that those services were improper and calls upon Plaintiff to prove the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35.     W&C admits that it provided engineering services to the Town of Peterborough, but denies that those services were improper and calls upon Plaintiff to prove the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36.     W&C admits that it provided engineering services to the Town of Peterborough, but denies that those services were improper and calls upon Plaintiff to prove the allegations

set forth in paragraph 36 of Plaintiff's Complaint.

37.     W&C admits that it provided engineering services to the Town of Peterborough, but denies that those services were improper and calls upon Plaintiff to prove the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38.     W&C admits that it provided engineering services to the Town of Peterborough, but denies that those services were improper and calls upon Plaintiff to prove the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39.      W&C admits that it prepared a Lagoon Decommissioning Report dated October 2013.  The Lagoon Decommissioning Report speaks for itself.

40.     W&C admits that it prepared a Lagoon Decommissioning Report dated October 2013.  The Lagoon Decommissioning Report speaks for itself.  W&C denies the remaining allegations set forth in paragraph 40 of Plaintiff's Complaint.

41.     W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

42.     W&C denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43.     W&C admits the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44.     W&C denies the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45.     W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 45 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

46.     W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 46 of Plaintiff's Complaint and calls upon Plaintiff

to prove them.

47.      W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 47 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

48.      W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 48 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

49.      W&C is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 49 of Plaintiff's Complaint and calls upon Plaintiff to prove them.

COUNT I
Breach of Contract

50.      W&C repeats and incorporates by reference its answers to paragraphs 1-49 as if fully set forth herein.

51.      W&C denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52.      W&C denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53.      Paragraph 53 of Plaintiff's Complaint is a prayer for relief to which no response is required.  To the extent that a response is required, W&C denies that the Town of Peterborough is entitled to judgment and damages against W&C.

COUNT II
Negligence

54.      W&C repeats and incorporates by reference its answers to paragraphs 1-53 as if fully set forth herein.

55.      W&C admits the allegations set forth in paragraph 55 of Plaintiff's Complaint.

7

56.    W&C denies the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57.    W&C denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58.    W&C denies the allegations set forth in paragraph 58 of Plaintiff's Complaint.

59.    Paragraph 59 of Plaintiff's Complaint is a prayer for relief to which no response is required.  To the extent that a response is required, W&C denies that the Town of Peterborough is entitled to judgment and damages against W&C.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the statute of limitations and/or statute of repose.

### Third Affirmative Defense

If Plaintiff was damaged as alleged, which W&C denies, then said damage resulted from Plaintiff's negligent acts and/or omissions.  Accordingly, Plaintiff is either barred from recovery or its recovery must be reduced proportionate to its contributory negligence and/or comparative fault in accordance with RSA 507:7-d.

### Fourth Affirmative Defense

 If Plaintiff was damaged as alleged, which W&C denies, then said damage resulted from the acts and/or omissions of persons or entities for whose conduct W&C is not legally responsible.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because W&C did not breach a legal duty owed to Plaintiff under common law, contract, statute, regulation, or any applicable

standard of care.

## Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because W&C acted with the proper degree of attention, reasonable care, and in accordance with any and all applicable contractual and/or legal obligations.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because W&C exercised due care at all times.

## Eighth Affirmative Defense

Plaintiff's claims are barred as there is no causal connection between any alleged act or omission by W&C and Plaintiff's alleged damages.

## Ninth Affirmative Defense

Any alleged act or omission of W&C was not the proximate cause of Plaintiff's alleged damages, which instead were the result of intervening and/or superseding causes for which W&C is not responsible.

## Tenth Affirmative Defense

Plaintiff's claims against W&C are barred, in whole or in part, because the alleged damages were not reasonably foreseeable.

## Eleventh Affirmative Defense

Plaintiff has failed to mitigate damages.

## Twelfth Affirmative Defense

Plaintiff has not sustained any actionable damages.

Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the terms of the applicable contracts.

Fifteenth Affirmative Defense

Plaintiff's claims against W&C are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages constitute betterment.

Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because such claims fall outside of W&C's scope of services.

Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert such claims.

JURY DEMAND

W&C DEMANDS A TRIAL BY JURY ON PLAINTIFF'S CLAIMS.

WHEREFORE, W&C demands that this Court dismiss Plaintiff's claims and award W&C its costs, interest, and attorneys' fees incurred in the defense of this action.

Respectfully submitted,
WOODARD & CURRAN, INC.
By its attorneys,


/s/ Eric A. Martignetti
Jeffrey L. Alitz, NH Bar No. 4783
Eric A. Martignetti, NH Bar No. 20118
LeClairRyan, *A Professional Corporation*
One International Place, 11th Floor
Boston, MA 02110
617-502-8200
jeffrey.alitz@leclairryan.com
Dated: May 27, 2016                eric.martignetti@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on May 27, 2016.


/s/ Eric A. Martignetti
Eric A. Martignetti


19635.0398//18253536.1

11